UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.: 3:08cr104/MCR/HTC
              3:16cv279/MCR/HTC

MATTHEW J. DOSSEY

# REPORT AND RECOMMENDATION

This matter is before the Court on the "Motion to Correct Sentence under 28 U.S.C. § 2255" and memorandum in support filed by Defendant Matthew J. Dossey, who contends he is entitled to sentencing relief based on the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF Docs. 57, 61. The Government responded in opposition to the Motion (ECF Doc. 64), and Defendant filed a reply (ECF Doc. 67). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, the undersigned recommends that Defendant's § 2255 motion be denied without an evidentiary hearing. Defendant has failed to satisfy his burden of showing that the district judge relied solely (or at all) on the residual clause of the Armed Career Criminal Act ("ACCA"), 19 U.S.C. §924(e)(1), in enhancing his sentence. To the contrary, the record here shows that the Defendant had at least

three (3) prior convictions that qualified under the enumerated offenses clause of the ACCA, and it was the enumerated offenses clause that was relied upon by the district judge. Accordingly, the Supreme Court's holding in *Johnson* is not a basis for granting Defendant's motion. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

## PROCEDURAL BACKGROUND

On October 21, 2008, Defendant Matthew James Dossey was charged in a single-count indictment with possession of a firearm by a convicted felon. ECF Doc. 1. He entered a guilty plea (ECF Docs. 25-28) and the probation officer prepared a Presentence Investigation Report ("PSR"). ECF Doc. 69.

Under the 2008 Guidelines Manual, Defendant's total offense level (after the acceptance of responsibility adjustment) was 21. ECF Doc. 69, PSR ¶¶ 17-24. However, because Defendant had five (5) prior convictions for simple burglary of an inhabited dwelling in Louisiana, he was subject to an enhanced sentence under the ACCA. PSR ¶¶ 25, 29. With the enhancement under the ACCA, Defendant's total offense level (after the acceptance of responsibility adjustment) was 31. PSR ¶ 25. In addressing the ACCA enhancement, the PSR expressly noted that "18 U.S.C. § 924(e)(2)(B)(ii) defines 'violent felony' in part as a felony offense that, 'is burglary.'" PSR ¶ 25.

Similarly, when considering the criminal history category for an armed career criminal, Defendant's criminal history category was increased from a category II, to a category VI.   PSR ¶ 30.   Based on a total offense level of 31 and a criminal history category of VI, the applicable guidelines range was 188 to 235 months. PSR ¶ 60.   The offense of conviction also carried a 15-year minimum mandatory due to Defendant's armed career criminal status.   PSR ¶ 59.

The court sentenced Defendant to a term of 180 months' imprisonment followed by four (4) years of supervised release.   ECF Docs. 32, 33, 43.   The Eleventh Circuit Court of Appeals affirmed his conviction and sentence.   ECF Doc. 52.

Defendant now moves to vacate his sentence, arguing that after *Johnson* he no longer has three qualifying predicate offenses to be sentenced under the Armed Career Criminal Act ("ACCA").   The Government asserts that all five of Defendant's burglary convictions qualify as violent felonies under the ACCA's enumerated offenses clause, and thus *Johnson*, which deals solely with enhancements based on the residual clause of the ACCA, has no impact on Defendant's case.   The undersigned agrees.

## ANALYSIS

Generally, a conviction for being a felon in possession of a firearm or ammunition carries a statutory maximum sentence of ten (10) years.   18 U.S.C. §§

Case Nos.: 3:08cr116/MCR/HTC; 3:16cv310/MCR/HTC

922(g), 924(a)(2). However, the statutory maximum sentence for a conviction of those offenses increases to at least fifteen (15) years if the defendant has three (3) or more prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e).

The statutory definition of a violent felony under the ACCA is an offense that is punishable by a term exceeding one year, that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*." 18 U.S.C. § 924(e)(2)(B)(i) and (ii); *Beeman v. United States*, 871 F. 3d 1215, 1221 (11th Cir. 2017), *rehearing en banc denied*, *Beeman v. United States*, 899 F.3d 1218 (11th Cir. 2018), *cert. denied*, Case 18-6385, 2019 WL 659904 (Feb. 19, 2019). In *Johnson*, the Supreme Court held that imposing an increased sentence under the ACCA's "residual clause" violates a defendant's constitutional right to due process. 135 S. Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" for purposes of increasing a defendant's sentence if it falls within the elements clause or is one of the enumerated offenses. *Johnson* has spawned significant litigation from inmates seeking relief from their

Case Nos.: 3:08cr116/MCR/HTC; 3:16cv310/MCR/HTC

sentences, as the Supreme Court held that it is retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

After the parties filed their briefs in this case, the Eleventh Circuit clarified the standard that must be met by a defendant moving for § 2255 relief. Such a defendant must show that his sentence enhancement "turn[ed] on the validity of the residual clause." *Beeman*, 871 F. 3d at 1221; *see also Ziglar v. United States*, Case Nos. 16-16055, 17-13798, 2018 WL 6505435 (11th Cir. Dec. 11, 2018) (following *Beeman*). That is, there is no *Johnson* violation unless the defendant would not have been sentenced as an armed career criminal absent the existence of the residual clause. *Beeman,* 871 F. 3d at 1221. According to the *Beeman* court, a *Johnson* violation has occurred only if the following two elements are shown: (1) "the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause" and (2) "there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense." *Id.*

The Eleventh Circuit also held that it is the defendant's burden to prove that the sentencing court enhanced his sentence based on the residual clause. *Id.* at 1222. Indeed, the court emphasized that it is incumbent upon the moving party "to show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *Id*. ("If it is just as likely that the

sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement," the movant has failed to meet his burden). *Id*. The court further rejected petitioner Beeman's argument for a rule that a *Johnson* movant has met his burden "unless the record affirmatively shows that the district court relied upon the ACCA's elements clause." *Id.* at 1223. The court stated, "[w]here, as here, the evidence does not clearly explain what happened . . . the party with the burden loses." *Id*. at 1225 (quoting *Romine v. Head*, 253 F. 3d 1349, 1357 (11th Cir. 2001)).

As in *Beeman*, there is nothing in the record here showing that the district judge relied solely upon (or at all) on the residual clause of the ACCA in enhancing Defendant's sentence. Instead, the PSR in this case specifically noted that 18 U.S.C. § 924(e)(2)(B)(ii) defines "violent felony" in part as a felony offense that, "is burglary," as set forth in the enumerated offenses clause. ECF Doc. 69, PSR ¶ 25. Moreover, the discussion with the district judge at sentencing about the enhancement was limited to whether the five (5) prior burglary convictions were indeed separate offenses, and the court stated that it was satisfied that this was the case. ECF Doc. 43, p. 3-4.

In Defendant's submissions, he argues that the Louisiana statute for the offense of simple burglary of an inhabited dwelling is overbroad because its definition of "structure" includes watercraft or cars. ECF Doc. 67. Relying on

the Eleventh Circuit's decision in *United States v. Rainer*, 616 F.3d 1212 (11th Cir. 2010) (abrogated on other grounds and interpreting an Alabama statute), Defendant contends that his convictions under Louisiana's non-generic burglary statute do not qualify as generic burglary under the ACCA. The undersigned disagrees. In *United States v. Artega*, 436 F. Appx. 343, 351 (5th Cir. 2014), the Fifth Circuit held that a conviction for attempted unauthorized entry of an inhabited dwelling under Louisiana law is a violent felony under the ACCA because it "presents a risk essentially identical to that of burglary, an *enumerated* violent felony") (emphasis added).

The undersigned finds there is nothing in the sentencing transcript or any other part of the record to indicate that the court relied on the residual clause to enhance Defendant's sentence. Instead, the record shows that the district judge relied on the enumerated offenses clause in determining that the five (5) prior convictions for simple burglary of an inhabited dwelling in Louisiana were sufficient ACCA predicates and that Defendant had at least three (3) other prior convictions that qualified under the enumerated offenses clause as a violent felony. Therefore, Defendant cannot show his sentence violates *Johnson*, and he is not entitled to relief.

Conclusion

Based on the foregoing, the court finds that Defendant's motion pursuant to 28 U.S.C. § 2255 should be denied without an evidentiary hearing.

Case Nos.: 3:08cr116/MCR/HTC; 3:16cv310/MCR/HTC

Case 3:08-cr-00104-MCR-HTC   Document 71   Filed 03/26/19   Page 8 of 9

Page 8 of 9

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. That the Motion to Correct Sentence (ECF Doc. 57) be **DENIED.**
2. That a certificate of appealability be **DENIED**.

Case Nos.: 3:08cr116/MCR/HTC; 3:16cv310/MCR/HTC

At Pensacola, Florida, this 26th day of March, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:08cr116/MCR/HTC; 3:16cv310/MCR/HTC